# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

## TACOMA DIVISION

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

AUG 18 2025  MH

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

| | |
|---|---|
| **TAREQ ZAKARNEH**<br><br>**Plaintiff,**<br><br>V.<br><br><br><br>**UNITED STATES OF IMMIGRATION CUSTOM ENFORCEMENT SUPERVISOR MRS BURNS AND FACILITY ADMINISTRATOR OF GEO DETENTION CENTER MR. BRUCE SCOTT**<br><br>**Defendant,** | **Case No.**<br>3:25-cv-05730-RSM-BAT<br><br><br>**VIOLATION OF THE PLAINTIFF FOURTH AMENDMENT RIGHTS AND PRIVACY INVASION AND LYING UNDER PERJURY** |

## INTRODUCTION

The plaintiff is a legal permanent resident who has been detained by the defendant on May,22,2024 who has heavy weight and power over the Plaintiff, the Plaintiff has been in custody of the with a violation of his the fifth amendment and his first amendment the

1| **VIOLATION OF PETITIONER FOURTH AMENDMENT AND PRIVACY INVASION**

defendant is keeping the plaintiff in custody for as a retaliation from him for his act against the defendant at the district court case 3:25-cv-00448-Sb & 2:25-cv-00707-GJL-DGE, as he is a witness of defendant violations at case 3:25-cv-5426-LK-SKV.

## COMPLAINT

## FIRST CLAIM

The Plaintiff allege that the defendant on July,23,2025 refused to released the petitioner cell phone to his friends to be able to keep his personal financial and company life active and communicate on his behalf, as to be able to lock and keeps business contacts and communication with this matter, the defendant refuse to release his cell phone after he found that the defendant opened his property without his authorization or a court order in retaliation from Mr.Zakarneh after he filed Two claims versus the defendant at the district court of Oregon case# 3:25-cv-00448-SB and the district court of Washington case # 2:25-cv-00707-GJL-DGE as he is the witness of case # 3:25-cv-5426-LK-SKV, in retaliation action from the defendant and his detention contractor the defendant invade his property and talk it to unknown destination  from June, 6,2025 to July,19,2025, as Mr.Zakarneh was able to see his property partially on July,19,2025 then see the sensitive one which includes his cell phone and his smart watch with other available items on July,23,2025 after he filed a motion with the district court under his case 2:25-cv-00707-GJL-DGE as the defendant rush to make him see the partial of his property that he found it was repackaged in different package than he witnessed before , as he told officer Strztrek that his  smart watch was not broken and  he asked  officer Stryztek from ICE and Paumes from GEO to fix it  as Mr.Zakarneh refused to accept the circumstances of his property how it was stored *see Mr. Zakarneh Declaration EX.A* , as Mr.Zakarneh asked officer Staztzrek from ICE who refused to allow releasing his cell phone or any of his electronic to his friends and alleged that the Department of Homeland Security is

2| **VIOLATION OF PETITIONER FOURTH AMENDMENT AND PRIVACY INVASION**

entitled to keep his property for inspection and investigation without a probable cause warrant or search warrant from a federal judge *see Entick v. Carrington* , Mr.Zakarneh asked officer Straztrek about what investigation you are talking about ? he did not respond and alleged that they have the power to keep what they have in custody when they arrest Mr.Zakarneh for immigration purposes as they alleged in their warrant on May,22,2024,as they alleged that his property was lost for almost two months and still now looking for the rest of it from other locations that he has been moved to in Florence Arizona and Alvarado Texas.

As officer Straztrek talked to Mr.Zakarneh at the dorms of D3 on July.30.2025 that his cell phone is with their Intel team which its confession from the ICE that they invade his belonging without any warrant or permission from Mr. Zakarneh officer Nathan from GEO witnessed officer Straztrek on conffession on July.30.2025.

The Plaintiff asking the court to grant the relief of releasing his cell phone and compensate him for the damage that is brought by the defendant , Mr. Zakarneh is detained at the NWIPC for civil action as he now surprise that the defendant is detaining him for Political and retaliation for his action under the first amendment when he sued the defendant under 5 USCS 552 and  under 28 USC 2241, the defendant is working anonymously to retaliate from Mr.Zakarneh and to hurt him as they can and his Family which it leads increase the pain and suffer for his disable mother and his life, Mr.Zakarneh is the main supporter financially for her medical needs at the Palestinian territories of West Bank and Gaza Strip in Jenin city after the Israeli forces Occupied his city again and they forced his family to move out of their house which its located at the edge of Jenin Refugee camp, as Mr.Zakarneh use his credit cards for emergencies to send some money for his family and his friends support him to keep the minimum payments of his accounts, as the Plaintiff informed that his property has been found partially after he filed a motion under his habeas case 2:25-cv-00707-DGE-GJL to force

3| **VIOLATION OF PETITIONER FOURTH AMENDMENT AND PRIVACY INVASION**

the defendant to release it to him with his legal work on July,17,2025 *see case 2:25-cv-00707-DGE-GJL*, after drafting this claim the defendant decide to return Mr.Zakarmneh cell phone and allow him to release his friends on August 4,2025 and charge him for the mailing cost, as this does not dismantle that violation that officer Straztrek violate with the Intel team of the department homeland security and other agencies who had his cell phone with his other legal papers and electronics since June,6,2025 till August, 4,2025.

## SECOND CLAIM

On May,29,2025 the district attorney of the United states filed a declaration support from officer Enrique Rodriquez under penalty of perjury is Mr.Zakarneh Claims that he has a nationality of Jordan , officer Enrique with the district attorney of the department homeland security lied under oath *See Enrique Rodriquez declaration EX.B*, the Plaintiff never ever had claimed any citizenship or residency of other countries than his original homes at the Palestinian territories and his residency at the united state as a desired citizen *see Tareq Zakarneh declaration EX.A*, as the defendant state under penalty of perjury on June,17,2025 when they tried to deport the Plaintiff secretly without informing the court through Arizona station of Immigration and custom Enforcement at Florence Arizona on June, 8,2025 as it fail, and on June, 12,2025 through Dallas Texas airport and it fails, the defendant filed status report stating that the Plaintiff was transferred to El Paso service processing center in Elpaso, Texas *see status EX.C report of Enrique Rodriquez* the Plaintiff deny these statement *see Tareq Zakarneh declaration* as he is stating that officer Enrique with the DHS lied under penalty or perjury as the Plaintiff never ever was processed at El Paso Processing center.

4| **VIOLATION OF PETITIONER FOURTH AMENDMENT AND PRIVACY INVASION**

The Plaintiff asking the court to grant the relief versus the defendant to compensate him for the damage that has been caused by the defendant as a punitive damage and compensated damage for the violation of his fourth amendment and property invasion, and pressing charge against the defendant for lying under perjury.

**Dated of August, 05 ,2025**

<u>/ s/ **Tareq Zakarneh**</u>
**Tareq Zakarneh, Plaintiff**

**5| VIOLATION OF PETITIONER FOURTH AMENDMENT AND PRIVACY INVASION**



LEGAL MAIL

LEGAL MAIL

NW ICE Processing Center
Tarey Zaltaneh "9225"
1623 East. J St
Tacoma, WA 9842

FILED
LODGED
RECEIVED

AUG 18 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                  DEPUTY

To: US District Court of Tacoma, WA
Clerk office
1717 Pacific Ave.
Tacoma, WA 98402
Room 3100

# EX.A

## Declaration of Tareq Zakarneh

I Tareq Zakarneh declare under penalty and perjury that the immigration custom enforcement invade my property at the North West ICE Processing center on July,23,2025 ,as they refuse to release my cell phone to my friends after I sent a request on July,22,2025 asking them the detention company to allow me to mail my cell phone to my friends for family business and private needs to keep my life and my accounts active and for communication with my family overseas at the Palestinian territories of West Bank and Gaza Strip, officer Stryztek from the Department of Homeland Security and the Immigration and custom enforcement alleged that they have the power to keep what they want from my belonging property without notifying me for further investigation which its violation of the fourth amendment, as I asked him what investigation as he respond that's my answer as I noticed that the sealed bags of my cell phone and my smart watch was sealed differently about the original bag that I witnessed before as I witnessed that my smart watch shock proof  band was off and half broken and it has been taped and stored in  bad condition as I asked officer Stryztek to fix it or I will sue for property invasion use without a search warrant or charge and property damage and his respond was sue us we don't have any objections of that,  as on July,30,2025 he notify me that my cell phone is with their Intel team as he has been assigned that he is my new officer, here we go this declaration is a testify from me versus the defendant of the Department homeland security and the Immigration custom Enforcement and their contractor of GEO corporation and the facility administrator, the custom enforcement deportation officer and the DHS attorney

2

lied under oath twice in two different occasions that I have Jordanian citizenship on May,292,2025 as they alleged that I was stationed and processed for deportation in El Paso, Texas Processing center which it was not correct and I was never ever has been stationed at Elpaso, Texas processing center, and I declare under penalty and perjury that officer Enrique and his attorney are lying under oath and they should be found guilty their violations.

**Dated of August, 05 ,2025**

/s/ Tareq Zakarneh

**Tareq Zakarneh, Plaintiff**

3

# EX.B

Chief District Judge David G. Estudillo
Magistrate Judge Grady J. Leupold

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAREQ ZIAD FOUAD ZAKARNEH,<br><br>                              Petitioner,<br><br>          v.<br><br>UNITED STATES IMMIGRATION AND<br>CUSTOMS ENFORCEMENT, *et al.*,<br><br>                              Respondents. | Case No. 2:25-cv-00707-DGE-GJL<br><br>DECLARATION OF<br>ENRIQUE RODRIQUEZ |



**U.S. Department of Homeland Security**
Immigration and Customs Enforcement
Enforcement and Removal Operations
Northwest ICE Processing Center
1623 E J Street
Tacoma, Washington 98421

I, Enrique Rodriquez, being first duly sworn, do depose and say:

1) I am currently employed as a Deportation Officer with Department of Homeland Security, United States Immigration & Customs Enforcement (ICE), formerly the Immigration and Naturalization Service (INS). I have been employed by ICE since August 25, 2024.

2) As a Deportation Officer, I am a federal law enforcement agent and I have had direct experience with federal violations of immigration law and related investigations. I have received extensive training and practical experience pertaining to federal criminal procedures, federal criminal statutes, U.S. Immigration laws and regulations, and other federal laws including Illegal Reentry, pursuant to Title 8, United States Code § 1326(a)(1) and (b)(1).

3) I have reviewed ICE's records regarding Tareq Ziad Fouad Zakarneh, A207-079-225, including ICE's attempts to execute his removal order. Zakarneh is currently detained in ICE custody at the Northwest ICE Processing Center in Tacoma, Washington.

4) On December 14, 2016, removal proceedings were initiated.

5) On July 15, 2019, all relief was denied by the immigration judge and Zakarneh was granted Voluntary Departure (VD) until September 13, 2019.

6) On August 13, 2019, Zakarneh filed an appeal with the Board of Immigration Appeals (BIA).

7) On August 29, 2022, the BIA dismissed Zakarneh's appeal and reinstated the VD time period to October 28, 2022.

8) On September 27, 2022, Zakarneh filed a Petition for Review (PFR) with the Ninth Circuit Court of Appeals with an accompanying motion for stay of removal.

9) On November 15, 2022, a temporary stay of removal was granted.

10) On July 26, 2023, the stay of removal was lifted upon motion by the government.

11) On September 27, 2023, ICE contacted Zakarneh by phone to order him to report and assist in seeking travel documents for removal. Zakarneh did not report as ordered.

12) Travel documents are typically required for ICE to execute a removal order. Examples

are a valid passport, birth certificate, or similar document that establishes an alien's identity and nationality.

13) On October 26, 2023, a motion for stay of removal was filed by Zakarneh.

14) On November 13, 2023, the motion for stay of removal was denied.

15) On December 11, 2023, a motion for stay of removal was filed by Zakarneh.

16) On January 24, 2024, the motion for stay of removal was denied.

17) On May 22, 2024, Zakarneh was taken into ICE custody due to his failure to report to ICE and assist in obtaining travel documents.

18) On August 1, 2024, ICE obtained Zakarneh's expired Palestinian passport (expired July 10, 2020).

19) On September 30, 2024, Zakarneh was determined to be a "Failure to Comply" which means that he refused to comply with ICE's efforts to obtain travel documents.

20) On October 23, 2024, Zakarneh continued to refuse to comply with ICE's efforts to obtain travel documents.

21) On October 30, 2024, Zakarneh continued to refuse to comply with ICE's efforts to obtain travel documents.

22) On November 6, 2024, a motion for stay of removal was filed by Zakarneh.

23) On November 19, 2024, Zakarneh continued to refuse to comply with ICE's efforts to obtain travel documents and was served a formal notice of his failure to comply.

24) On December 5, 2024, the motion for stay of removal was granted pending issuance of the mandate from the Ninth Circuit Court of Appeals.

25) On January 31, 2025, due to Zakarneh's refusal to comply with ICE's efforts to obtain travel documents, ICE sought permission from Israel to permit entry into the West Bank utilizing Zakarneh's expired passport.

26) On February 26, 2025, the PFR was denied.

27) On March 2025, ICE sought follow-up information regarding the request to Israel permit entry into the West Bank utilizing Zakarneh's expired passport. There was no update available at that time.

28) On April 16, 2025, a motion for panel rehearing was filed by Zakarneh.

29) On April 18, 2025, the motion for panel rehearing was denied.

30) On April 21, 2025 ICE sought follow-up information regarding the request to Israel to permit entry into the West Bank utilizing Zakarneh's expired passport. There was no

update available at that time.

31) On April 28, 2025, the mandate issued.

32) On April 28, 2025, a motion for rehearing en banc was filed by Zakarneh.

33) The United States Department of State (DOS) continues to assist ICE in seeking permission for Zakarneh to enter the West Bank on an expired passport so that his removal order can be executed.

34) Zakarneh's refusal to comply with ICE's efforts has severely delayed the execution of his removal order. If Zakarneh was willing to comply with ICE's efforts to obtain travel documents, he would have a significant likelihood of being removed from the United States in the reasonably foreseeable future.

35) Zakarneh also claims to be a national of Jordan. ICE has been unable to further investigate the potential of removal to Jordan due to Zakarneh's refusal to comply with ICE's efforts to obtain travel documents.

36) Despite Zakarneh's refusals to comply with ICE's efforts to obtain travel documents, ICE believes there is a realistic possibility of being able to execute Zakarneh's removal order.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct. Dated this 29 day of May, 2025.

Enrique Rodriquez
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

NW ICE Processing Center
Tarey Zallameh "9225"
1623 East. J st
Tacoma, WA 9842



TACOMA PSDC 980
FRI 15 AUG 2025  HN

FILED _____ LODGED
_____ RECEIVED

AUG 18 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

To: US District Court of Tacoma, WA
Clerk office
1717 Pacific Ave .
Tacoma, WA 98402
Room 3100



LEGAL MAIL
LEGAL MAIL



LAW LIBRARY
AUG 1 2 2025
NWIPC

